FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 2 3 2003

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANKLIN C. SMITH,

    Plaintiff,

v.    No. CIV-03-1143 MCA/LCS

TODD MANGAN,
CARLA E. VESCOVI,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $150.00. Plaintiff will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se

complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff accidentally broke a church door window as he was trying to get the attention of someone inside to ask for some drinking water. Plaintiff was intoxicated and dehydrated, and he was discharging saliva. He had suffered a serious head injury before the incident at the church and was partially incoherent. Defendant (deputy sheriff) Mangan arrested Plaintiff on charges of breaking and entering and criminal damage, and drove him to a hospital. On the way to the hospital, Defendant Mangan covered Plaintiff's head with a sort of hood, causing Plaintiff "to suffercate." Upon his release from the hospital, Plaintiff was taken by Defendant Mangan to an overcrowded detention center. Defendant (magistrate judge) Viscovi then denied Plaintiff a reasonable bond and refused to release him from the detention center. Plaintiff claims Defendants' actions violated his rights under the Eighth and Fourteenth Amendments.

First, Plaintiff's allegations against Defendant Viscovi do not state a claim for relief. "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978) (additional citations omitted)). Moreover, a judge has absolute immunity even if she does not in fact have jurisdiction over a particular cause, so long as the actions are in the judge's judicial capacity. *Stump*, 435 U.S. at 356-57. Plaintiff's claim for damages against Defendant Viscovi will therefore be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

Except for a possible claim of use of excessive force, Plaintiff's claims against Defendant Mandan will also be dismissed. First, because Plaintiff was a pretrial detainee at the time of the

2

alleged incidents, his claims are not cognizable under the Eighth Amendment. "Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment. In determining whether appellant's rights were violated, however, we apply an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983." *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999) (citations omitted). Plaintiff's Eighth Amendment claims will be dismissed.

Furthermore, Plaintiff's apparent claim of false arrest based on lack of probable cause appears to call into question the constitutionality of the criminal proceedings by which Plaintiff is incarcerated. This claim is barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. The complaint does not allege that charges against Plaintiff have been dismissed or the conviction set aside, *id.* at 486-87, and his allegations of absence of probable cause fail to state a claim cognizable under § 1983. *Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2 (10th Cir. Mar. 9, 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (plaintiff who overturns conviction may then bring § 1983 action).

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall be required to make monthly payments of twenty per cent (20%) of the preceding month's income credited to Plaintiff's account or show cause why he has no assets and no means by which to pay the designated filing fee. The Clerk shall provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number

on this order;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Viscovi are DISMISSED with prejudice, and Defendant Viscovi is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that all of Plaintiff's claims under the Eighth Amendment are DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Mangan arising from the arrest are DISMISSED without prejudice; and the clerk is directed to issue summons, with notice and waiver forms, for Defendant Mangan on Plaintiff's Fourteenth Amendment claim arising from alleged use of excessive force.

                                                 _____
                                                 UNITED STATES DISTRICT JUDGE