IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANKLIN C. SMITH,

      Plaintiff,

vs.                                                                                  No. CIV 03-1143 MCA/LCS

TODD MANGAN and CARLA E. VESCOVI,

      Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### I.   Proposed Findings

**THIS MATTER** comes before the Court on Defendant Todd Mangan's Motion for Summary Judgment, filed July 23, 2004. (Doc. 13).  The Court, having considered the record, arguments of counsel, relevant law, and being otherwise fully advised, recommends that Defendant's Motion is well-taken and should be **GRANTED**.

Defendant Mangan answered Plaintiff's Complaint on January 20, 2004. (Doc. 6.) Defendant raised issues in his Answer that the Court construed as a Motion to Dismiss the Complaint.  As such, the Court entered a Briefing Schedule which directed Defendant to submit his Martinez report by March 10, 2004.  (Doc. 7.)  Plaintiff was to respond or object to this report by April 12, 2004.  The Court further set a briefing schedule for all dispositive motions. (Id.)  Defendant filed his Martinez report on March 10, 2004.  (Doc. 8.)  Plaintiff did not respond to this report.

The Court then set a telephonic status conference for July 13, 2004 to determine why no dispositive motions had been filed pursuant to the Court's Order.  (Doc. 10, 11.)  Neither Plaintiff

nor Defendant appeared for this conference.  The Court then rescheduled the hearing for August 13, 2004 in person.  (Doc. 12.)  The parties were advised that failure to appear at the hearing would result in an order to show cause why the matter should not be dismissed for failure to prosecute.  Defendant filed a Motion for Summary Judgment on July 23, 2004 (Doc. 13), to which Plaintiff has not responded.

At the August 13, 2004 hearing, Defendant appeared, but Plaintiff did not appear. Defendant advised the Court that it had been unable to locate Plaintiff and that Plaintiff had not provided the Court with his current address or phone number.  Following this hearing, the Court entered an order to show cause, directing Plaintiff to file a response by September 3, 2004 showing cause why his complaint should not be dismissed.  (Doc. 16.)  Plaintiff was also advised that failure to file a response within the specified time period would be considered grounds for dismissal with prejudice.

**II.     Analysis**

Plaintiff has failed to timely respond to Defendant's Motion for Summary Judgment. Plaintiff has come forward with no additional information to controvert the information provided in the Answer, Defendant's Martinez report or the Motion for Summary Judgment with supporting memoranda.  In the August 13, 2004 order to show cause, the Court instructed Plaintiff that, "failure to file a response within the time period specified in this Order will be considered grounds for dismissal WITH PREJUDICE."   Additionally, Plaintiff has failed to appear at any of the hearings scheduled by this Court, and he has further failed to provide this Court with his current address, which is his obligation.  FED. R. CIV. P. 41(b), D.N.M.L.R.-CIV

83.6.[1]

Civil Rule 7.1(b) of the District of New Mexico Local Rules provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." However, the Tenth Circuit recently held that a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002).

Although a district court has discretion to sanction a party for failure to prosecute or defend a case, (which sanction may include dismissing the party's case with prejudice or entering judgment against the party), the sanction of dismissal with prejudice is to be reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice. *Id.* at 1195 (citing *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988). To apply such a sanction, I must consider: 1) the degree of actual prejudice to the opposing party; 2) the amount of interference with the judicial process; and 3) the culpability of the litigant. *Id.* Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction. *Id.*

The first factor I must consider under the *Meade* analysis is "the degree of actual prejudice to the defendant." *Meade*, 841 F.2d at 1521. Plaintiff's failure to respond in a timely fashion clearly prejudices the Defendant. As more time goes by, memories fade and witnesses can be more difficult to locate, thereby decreasing Defendant's ability to adequately defend his case. The

---

[1] All attorneys of record and parties proceeding *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their mailing addresses, telephone numbers and, for those having a request on file as described in D.N.M.L.R.-CIV 5.6, any change in facsimile numbers or electronic addresses.

second *Meade* factor involves "the amount of interference with the judicial process." *Id.* Plaintiff's failure to file a Response to Defendant's Motion for Summary Judgment, to appear at any of the scheduled hearings or to advise the Court of his current address shows a manifest lack of interest in litigating his claim and clearly impedes this Court's ability to examine the case. The third *Meade* factor involves the culpability of the litigant. *Id.* In the instant matter, Plaintiff has failed to inform the Court of his current mailing address and telephone number and has failed to timely respond to Defendant's Motion for Summary Judgment. Moreover, the Court has reset several hearings in this matter in order to give Plaintiff an opportunity to appear. As such, I perceive that this is the extreme situation alluded to in *Meade*, and that this situation warrants a severe sanction.

In the present case, I have considered Plaintiff's failure to timely respond to Defendant's motion, the prejudice to Defendant caused by Plaintiff's failure to comply with the Orders of this Court, and the consequent waste of valuable judicial resources. Moreover, I have reviewed Defendant's Motion for Summary Judgment and it appears meritorious on its face.

### III.     Recommended Disposition

I recommend that the Motion for Summary Judgment be granted in favor of Defendant and against Plaintiff.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day

period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

 

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**